UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFREY LEWIS, et al.,

                PlaintiffS,

      -against-                          24-cv-8428 (LAK)

THE NEW YORK CITY DEPARTMENT OF
CORRECTION, et al.,

                Defendants.
------------------------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        1.      The parties' proposed joint pretrial order is deficient in at least the following respects.

        a.      Defendants' exhibits are to be designated by alphabetical letters, not numbers. *See* Individual Practices of the undersigned, at p. 9. Defendants shall supply a revised exhibit list so designating their proposed exhibits by November 12, 2025.

        b.      Plaintiffs' stated intention to call up to 27 unnamed witnesses in addition to the 32 listed in the proposed pretrial order is inconsistent with the Court's Individual Practices and will be stricken. Likewise unacceptable is defendants' purported reservation of the right to supplement or otherwise amend their witness list in the proposed pretrial order. That purported reservation also will be stricken. *See id.* at p. 10.

        c.      The Court's Individual Practices require that objections to the parties' proposed exhibits be set forth in the joint pretrial order. The failure to include any such objections waived any there might have been. *Id.*

        d.      The Court's Individual Practices require that the joint pretrial order name each witness whose testimony is to be offered by deposition and state the pages and line numbers of the portion(s) of each witness's testimony so to be offered. They require also that the adverse party set forth its objections, if any, to the portions of depositions intended to be offered by the adverse party. *Id.* The only witness identified in the proposed joint pretrial order as intended to testify by deposition is Ms. Harvey, and the proposal states only that her video deposition is "to

2

testify by deposition is Ms. Harvey, and the proposal states only that her video deposition is "to be played via Skribe.ai," but has not specified any particular portions of that deposition intended to be played. As no party has complied with the Court's requirements (apart from identifying Ms. Harvey), no deposition testimony will be received at trial (other than possibly for the purpose of impeachment) save to the extent the Court determines to receive deposition testimony of Ms. Harvey. In any case, the plaintiffs shall provide defendants and the Court with its specific designations of the deposition testimony of Ms. Harvey that they seek to offer.

2.  The proposed joint pretrial order states that plaintiffs intend to play Ms. Harvey's deposition "via Skribe.al." As the Court is unfamiliar with Skribe.ai, except that it gathers that it may be an artificial intelligence product that perhaps generates transcripts from audio and video files, the parties will have to address the propriety of its proposed use. Accordingly, the parties shall provide the Court, no later than November 19, 2025, with a joint description of the product, its output, and its accuracy and whether its proposed use is acceptable to all parties.

SO ORDERED.

Dated:    October 29, 2025

_____
Lewis A. Kaplan
United States District Judge