**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEFFREY LEWIS, *et al.*,
*On Behalf of Themselves*
*and all Others Similarly Situated*,

                                        Plaintiffs,

        -against-

THE CITY OF NEW YORK, *et al.*,

                                       Defendants.

24-cv-8428-(LAK)

**THE *RAYMOND LEWIS* PLAINTIFFS' REPLY MEMORANDUM IN FURTHER**
**SUPPORT OF MOTION FOR INTERVENTION**

/s/ <u>Steven J. German</u>
Steven J. German, Esq.

GERMAN RUBENSTEIN LLP
Steven J. German, Esq.
Joel M. Rubenstein, Esq.
19 West 44th Street, Suite 1500
New York, NY 10036
Telephone: (212) 704-2020
Facsimile: (212) 704-2077

*Trial Counsel for Proposed Intervenor Plaintiffs*
*and Putative Classes*

# Table of Contents

I.      The Proposed Intervenors Meet the Standards for Intervention by Right ............1

    A.   Plaintiffs Fail to Refute that Intervenors Have a Substantial Interest That Will Be Impaired by This Action .......................................................................1

    B.   The Motion is Timely, and the Instant Case Is Not Trial Ready ...........................4

    C.   Plaintiffs Fail to Refute that They and Their Counsel Are Inadequate Representatives ...................................................................................................... 6

    i.       The PLRA Bars Plaintiffs' Claims for Injunctive Relief .................................... 6

    ii.     Plaintiffs' Failure to Proffer Expert Opinion is Harmful to the Class ......... 6

II.     The Proposed Intervenors Meet the Standards for Permissive Intervention..........7

    A.   There is No Dispute that These Cases Share Common Questions of Law or Fact ..........................................................................................................................7

    B.   Intervention Will Not Prejudice the Existing Parties and Will Promote Uniformity and Judicial Economy ....................................................................8

The *Jeffrey Lewis* Plaintiffs' Opposition (1) fails to refute the fact that the Proposed Intervenors have a substantial interest that will be impaired by this action, (2) misleadingly argues that intervention is untimely because the Plaintiffs' case is trial ready when, just yesterday, Plaintiffs and Defendants conceded that it is not, (3) misrepresents *McCray v. Lee* which nowhere sets forth a 120-day deprivation rule (ignoring *Williams v. Goord's* holding that a 28-day deprivation presents a jury question), and (4) mischaracterizes Proposed Intervenor's claims by implying that Proposed Intervenor's are seeking intervention with respect to the denial of indoor and outdoor recreation for 10 and 14 days when intervention is only sought for their Housing Class of pre-trial detainees denied all outdoor recreation for 30 days or greater. Plaintiffs' arguments are unsupported by precedent and glaringly untrue to the facts, which all support Intervention and demonstrate why Plaintiffs' counsel will not protect the interests of the Proposed Intervenors.

Plaintiff's Opposition is also antithetical to Judge Cote's request for coordination in these cases which share a common question concerning the constitutional threshold of injury specific to a putative class of pre-trial detainees housed on a non-quarantine basis who were denied all opportunities for outdoor exercise. Proposed Intervenors' Motion, by contrast, offers a framework for coordination that will 1) protect the *Raymond Lewis* Plaintiffs whose 30-day claims will likely be impaired by the *Jeffrey Lewis* Plaintiffs' 120-day "brightline" rule, 2) protect the *Jeffrey Lewis* Subclass B Plaintiffs who do not presently have adequate representation, and 3) allow the *Jeffrey Lewis* Plaintiffs and counsel to litigate all their Class 2 and 3 water and mattress claims.

## I.      The Proposed Intervenors Meet the Standards for Intervention by Right

### A. <u>Plaintiffs Fail to Refute that Intervenors Have a Substantial Interest that Will be Impaired by this Action</u>

As detailed in their Memorandum in Support, Proposed Intervenor's concern is that a ruling here that a deprivation of exercise for less than 120 days does not constitute an injury would

1

severely undermine their claims, filed over one year earlier and pending before Judge Cote, which are based on a deprivation of outdoor exercise for **greater** than 30 consecutive days. D.E. 32-1, pp. 8-9. Plaintiffs' Opposition fails to address this.

Rather, Plaintiffs' one-sentence Opposition (*i.e.,* "Should plaintiffs be successful it would not prevent intervenors from trying to seek recovery for less than 120 days of outdoor recreation" (D.E. 38, p. 16)) erroneously assumes that 1) *McCray v. Lee* established a "bright line" 120 day injury rule (963 F.3d 110 (2d Cir. 2020)), and 2) that *Williams v. Goord's* requirement for a jury determination (142 F. Supp. 2d 416, 426 (S.D.N.Y. 2001)) is bad law. To the contrary, this precedential framework (*see also* discussion at D.E. 32-1, pp. 9-10) undermines Plaintiffs' erroneous claim that "as a matter of law there is no legally viable claim to a denial of outdoor exercise time of 30 days, 45 days, 60 days, 90 days, etc." D.E. 38, p. 12. Plaintiffs' Opposition also skirts the issue of what would happen to the 30-day claims before Judge Cote if Plaintiffs don't succeed here, and how their counsel could overcome the conflict this argument creates with their own Subclass B members who allege claims for deprivations of less than 120 days. Clearly the Intervenor's interests will be impaired by this action, and Intervention should be granted. *See* discussion at D.E. 32-1, p. 10.

Plaintiffs' argument that this case will not impair the Proposed Intervenors' claims is dependent on incomplete, misleading, and false assertions.

First, Plaintiffs conveniently omit from their Opposition the existence of their Subclass B, which is defined as:

> All persons in custody at EMTC on Rikers Island from October 26, 2022 to June 18, 2024 who were detained for less than 120 consecutive days and denied the opportunity for outdoor recreational time.

Not only does such subclass overlap with the Proposed Intervenors' class but, also, counsel for Plaintiffs has taken a position so contrary to the interests of such subclass in their 120 day "brightline" rule that Plaintiffs' counsel cannot possibly adequately represent this class.

Additionally, contrary to Plaintiffs' Opposition (p. 11), which incorrectly states that the Proposed Intervenor class representatives were only denied outdoor recreation 22 and 12 days, Mr. Ortega was denied outdoor recreation for approximately 263 consecutive days during the class period, establishing that his interests overlap with the Plaintiffs' case.[1]

Third, the Proposed Intervenors have not abandoned Mr. Lewis or their claims for the denial of all indoor and outdoor recreation for 10 and 14 days while in quarantine. Fed. R. Civ. P. 24 requires that the motion "must * * * be accompanied by a pleading that sets out the claim or defense for which intervention is sought" (which Plaintiffs failed to do in their motion to intervene in *Raymond Lewis*), which the annexed Complaint does. It is nonsense to argue that the Quarantine Class claims before Judge Cote are abandoned through Proposed Intervenor's filing here.

Finally, Plaintiffs' argument that Proposed Intervenor's abandoned state law claims by failing to file Notices of Claim is a red herring. There is no need for a Notice of Claim to preserve the public interest and constitutional claims asserted here which, in any event, are subsumed in the federal claim. *See Mills v. Monroe County*, 59 N.Y.2d 307 (1983) (actions, like this one, "that are brought to protect an important right, which seek relief for a similarly situated class of the public,

---

[1] Moreover, as Proposed Intervenors explained in their opening brief (n.3), the fact that prior to being denied recreation for 263 days Mr. Ortega was also denied indoor and outdoor recreation while in quarantine at EMTC was typical of class members – not atypical as Plaintiff's suggest (at n.2). Every pre-trial detainee entering Rikers Island during COVID was quarantined at EMTC and transferred to another facility, other than EMTC, until September 2023, when EMTC began housing pre-trial detainees Thus, to the extent Plaintiffs intend for their classes to include pre-trial detainees, then every member who arrived before September 2023 had the same experience as Mr. Ortega. *See also* Dec. 5, 2024, Harvey Dep., p.40:7-19.

and whose resolution would directly affect the rights of that class or group are deserving of special treatment"); *Prince v. County of Nassau*, 837 F.Supp.2d 71, 107-08 (2011).[2]

### B. **The Motion is Timely, and the Instant Case Is Not Trial Ready**

As detailed in Proposed Intervenor's Memorandum in Support, this Motion is timely because it was filed less than 90 days after learning of the existence of this case, prior to any decision (or even opposition) on class certification here, and with the *Jeffrey Lewis* Motion for Intervention in *Raymond Lewis* pending. Plaintiffs' Opposition which cites the filing "on the eve" of a December 2, 2025, jury trial is not only deceptive, but exhibits bad faith.

This case is not trial ready by any means. Just yesterday, Plaintiffs and Defendants explicitly conceded that "this matter is not yet ripe for trial," including the question whether intervention is appropriate. D.E. 46. So too, it is axiomatic that a case cannot go to trial before class certification is decided. *See Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000). Also, while not binding on Your Honor, Judge Cote expressed a strong preference for judicial coordination – which Plaintiffs now seek to end-run with their Opposition. Third, Plaintiffs' level of trial preparation is dubious, at best. They have not disclosed a single expert witness to opine on myriad scientific conclusions about water "contamination," sources, causation, or technical interpretations of testing data; mattress standards; or, most importantly, issues concerning the denial of recreation, which Judge Cote found to be an important element in this case. D.E. 32-1, p.12 quoting July 16, 2025, Tr. p. 10:1-3. If put to task, Plaintiffs' counsel would almost certainly seek an adjournment. Their filing of a Joint Pre-Trial Order is pure optics. Yet doing so in a case that is not truly trial-ready is a violation of the Rules. *E.g., Televideo Sys.,*

---

[2] Even if a Notice of Claim would have been necessary, Plaintiffs having conducted 35 50-h hearings in this proposed class action is a massive waste of judicial resources.

*Inc. v. Mayer*, 139 F.R.D. 42, 49 (S.D.N.Y. 1991) (Rule 11 violation for filing JPTO with outstanding discovery).

Plaintiffs' tactics also abuse the good faith of the planned mediation process. At the request of Defendants and the Plaintiffs, the Proposed Intervenors agreed to stay rulings on the fully briefed Motions for Intervention before Judge Cote, pending the outcome of global mediation (*Raymond Lewis*, D.E. 130), yet their Opposition seeks a race toward trial. Pinning their timeliness objection on an illusory December 2 trial and pretending that this case will somehow be slowed down through intervention, is insincere. So too, there is no risk that mediation will be hindered by intervention. To the contrary, a ruling on intervention is far more likely to bring clarity, uniformity, and finality to the mediation process.

Finally, Plaintiffs' wildly imaginative attacks on the *Raymond Lewis* case have nothing to do with timeliness. Judge Cote denied without prejudice class certification based on Defendants' argument that the class definition contained the ambiguous term "meaningful." Tr., 5:7-8. Plaintiffs' July 8 Motion was not a factor in class certification, although it was a central factor in Judge Cote's request to coordinate the cases (before the Proposed Intervenors re-file their renewed Motion for Class Certification) which Plaintiffs now seek to thwart. Plaintiffs' conjectural assessment of the *Raymond Lewis* case as being "invalid" is plainly wrong and inconsistent with precedent. Finally, Plaintiffs' counsel's statement that *Raymond Lewis* counsel "have now abandoned one of their class representatives and two of their proposed classes and the indoor recreational aspect of their case," again has nothing to do with timeliness, yet raises serious concerns about their legal acumen and ability to serve as class counsel. *See* D.E. 32-1, n.7 (serious concern about their ability to analyze legal precedent). As Proposed Intervenors have clearly explained, Mr. Ortega – not Mr. Lewis – is the Housing Class representative. By filing a proposed

Intervenor Complaint here, limited, of course, to Proposed Intervenor's Housing Class claims, the *Raymond Lewis* Plaintiffs have not abandoned any class representative or aspect of their case before Judge Cote.

### C. Plaintiffs Fail to Refute that they and their Counsel Are Inadequate Representatives

As the Proposed Intervenors explained (D.E. 32-1, p. 11), the *Jeffrey Lewis* Plaintiffs and their counsel do not adequately represent the Proposed Intervenors' interests because in setting a "bright line" rule of 120 days as the threshold for injury, counsel have taken an explicitly adverse position to Proposed Intervenors who allege injury for greater than 30 consecutive days. Plaintiffs fail to refute this determinative issue. The analysis could therefore stop here, but the inadequacy of representation is even farther reaching.

### i.      THE PLRA Bars Plaintiffs' Claims for Injunctive Relief

Plaintiffs are incorrect that the PLRA does not apply to their claims because they were no longer incarcerated when this action was commenced. D.E. 38, p. 16. To the contrary, Plaintiffs' claim for injunctive relief requires that Plaintiffs be incarcerated. With extremely narrow exceptions, a prisoner who has been released and is no longer in custody does not have standing to pursue injunctive relief for a constitutional violation as they are no longer subject to the challenged conduct and cannot demonstrate a concrete, ongoing injury that prospective relief could address. *Tripathy v. Mckoy*, 103 F.4th 106 (2nd Cir., 2024).

### ii.     Plaintiffs' Failure to Proffer Expert Opinion is Harmful to the Class because Expert Opinions Inform the Legal Questions

Plaintiffs' argument that Intervenors' experts cannot change precedent (Br., p. 17) seeks to minimize their failure to submit *any* expert evidence in support of their Motion for Class Certification or for trial. While Courts alone are empowered to change precedent, they frequently rely on experts as a factual basis for constitutional violations and the foundation for legal change

(*e.g.*, to demonstrate what constitutes adequate medical care or safe conditions under the Eighth Amendment; whether prison conditions violate contemporary standards of decency; and whether a practice causes psychological or physical harm). *See, e.g., Brown v. Plata*. 563 U.S. 493 (2011). *Anderson v. Coughlin*, 757 F.2d 33 (2d Cir. 1985) is not only irrelevant to this point, but quoted language that "[t]hese expert opinions do not establish the constitutional minima, nor do they entitle the plaintiffs to resist summary judgment and obtain a trial on their contentions" is plucked out of context and deliberately misleading: The *Anderson* Court reached that opinion because "[n]either opinion is an assessment of the conditions that currently exist," making *Anderson* a very-narrow, case-specific holding altogether irrelevant to Plaintiffs' argument.

Even if the Proposed Intervenors' 30-day class was not rooted in precedent, Plaintiffs' 1) disparagement of, and vehement opposition to, broader constitutional protections for persons in custody, including those in their own Subclass B, and 2) stated concern that "should the intervenors be awarded class certification the expected recovery from the minimal scope of the proposed class will be meaningless, i.e., damages for 14-30 days of unlawful prison conditions will be very low"[3] (p. 10) demonstrates 1) a lack of belief in their own Class B,  2) a lack of zeal in advocating for these persons in custody and 3) a pre-occupation with case value.

II.      **The Proposed Intervenors Meet the Standards for Permissive Intervention**

A.  **There is No Dispute that these Cases Share Common Question of Law or Fact**

As demonstrated above, Proposed Intervenors' claims share common questions of law and fact with the existing litigation. A ruling in *Jeffery Lewis* that a deprivation of exercise for less than

---

[3] As is done in other prisoner rights cases, damages could easily be allocated on a daily *pro rata* basis where persons who suffered more or longer deprivations are paid more than those who suffered fewer or shorter deprivations. Nothing about such an allocation would constitute "very low damages."

120 days does not constitute an injury would severely undermine the *Raymond Lewis* claims, which are based on a 30-day deprivation, thereby implicating similar legal standards and factual inquiries. Plaintiffs do not refute this.

### B. <u>**Intervention Will Not Prejudice the Existing Parties and Will Promote Uniformity and Judicial Economy**</u>

As demonstrated above, this Motion is timely, and intervention will not prejudice the existing parties. Judge Cote stressed the need for coordination. There is no risk of delay: As demonstrated above, the parties' "18 page JPTO with 65 exhibits designated by plaintiffs and 140 exhibits designated by defendants" was a sham, as the case was never trial-ready (and the JPTO was rejected by the Court. D.E. 44).

Plaintiffs' counsel's minimal substantive work (p. 20) in the form of defending four plaintiff depositions, and largely useless make-work in opening 257 files "for potential class members" in a copy-cat case built on the Proposed Intervenors' extensive discovery and experts in the first-filed *Raymond Lewis* case does not make them "more adequate," but far less so. Plaintiffs' counsel's class action experience pales in comparison to counsel for the Proposed Intervenors. Their promise to "commit the resources" to litigate this case is undermined by the fact that they simply have not done so. *See* D.E. 32-1, n.7 (comparing work performed and nature of expenditures).

Dated: October 30, 2025                    Respectfully submitted,

/s/ <u>Steven J. German</u>

GERMAN RUBENSTEIN LLP
Steven J. German, Esq.
Joel M. Rubenstein, Esq.
19 West 44th Street, Suite 1500
New York, NY 10036
Telephone: (212) 704-2020
Facsimile: (212) 490-4800

*Attorneys for the Raymond Lewis Plaintiffs
and Classes – Proposed Intervenors*