UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 8/3/2026

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JEFFREY LEWIS, etc., et al.,

Plaintiffs,

-against-

24-cv-8428 (LAK)

CITY OF NEW YORK, et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER GRANTING MOTION TO INTERVENE AND SETTING SCHEDULE FOR CLASS CERTIFICATION BRIEFING**

LEWIS A. KAPLAN, *District Judge.*

This action concerns whether the City of New York subjected plaintiffs to unconstitutional conditions of confinement on Rikers Island, allegedly by depriving them of outdoor exercise, adequate sleeping conditions, and clean, potable water. The matter is before the Court on proposed intervenor-plaintiffs' motion to intervene.

## *Facts*

Proposed intervenor-plaintiffs ("*Lewis I* Plaintiffs") represent, *inter alia*, a putative class of Rikers Island pretrial detainees who allegedly were denied outdoor exercise for at least thirty consecutive days between September 1, 2023, and June 18, 2024. They are the plaintiffs in *Lewis v. City of New York* (*Lewis I*).[1] They have asserted claims against the City of New York and various

1 No. 23-cv-9460 (DLC) (S.D.N.Y. Oct. 27, 2023).

officials and employees of the City of New York Department of Corrections (the "DOC") under 42 U.S.C. § 1983 for violation of the Eighth and Fourteenth Amendments and pursuant to the New York State Constitution for depriving them of exercise. That matter currently is before Judge Cote on a motion for partial summary judgment by the defendants there.

Plaintiffs here ("*Lewis II* Plaintiffs") represent, *inter alia*, a putative class of Rikers Island detainees who were detained for at least 120 consecutive days between October 26, 2022, and June 18, 2024, and allegedly were denied the opportunity for outdoor exercise. *Lewis II* Plaintiffs brought their action approximately one year after *Lewis I* was filed. They purport to represent a broader class of detainees, including all persons in custody (not just pretrial detainees), and advance similar federal and state claims against the City and a DOC official based not only on being deprived of exercise, but also being exposed to contaminated water and being forced to sleep on thin mattresses. *Lewis II* Plaintiffs have intervened in *Lewis I*.[2]

### *Discussion*

*Lewis I* Plaintiffs claim that they meet the standard of Federal Rule of Civil Procedure 24(a) for intervention of right and in any event qualify for permissive intervention under Rule 24(b) because of the overlapping nature of their claims with those of *Lewis II* Plaintiffs and because of the claimed failure of *Lewis II* Plaintiffs adequately to represent the interests of *Lewis I* Plaintiffs.

The Court need not decide whether *Lewis I* Plaintiffs are entitled to intervene under Rule 24(a) because intervention is appropriate under Rule 24(b). The claims of *Lewis I* and *Lewis II* Plaintiffs share numerous common questions of law and fact, chief among them the minimum

---

[2] Order, *Lewis I* (Dkt 137).

period after which a deprivation of outdoor exercise may rise to the level of a constitutional violation. All parties agree that this question is common,[3] as did Judge Cote when in *Lewis I* she granted *Lewis II* Plaintiffs' motion to intervene in that case.[4]

*Lewis II* Plaintiffs here nevertheless argue that *Lewis I* Plaintiffs (i) failed to move to intervene in a timely fashion, (ii) would delay this action and prejudice *Lewis II* Plaintiffs by intervening, and (iii) lack a substantial interest in this action. None of those objections has merit.

*Lewis I* Plaintiffs sought to intervene within ninety days of learning about this action and did so only after attempts to coordinate between the sets of plaintiffs failed.[5] Their motion thus was timely.

With respect to any claimed prejudice to *Lewis II* Plaintiffs, this action obviously now is in a different posture than when briefing on the motion to intervene was completed considering that the parties to both cases shortly thereafter sought stays pending mediation[6] and yet have failed to resolve either case since then. *Lewis II* Plaintiffs' motion for class certification here remains partially briefed, and *Lewis II* Plaintiffs and defendants continue to request additional time to pursue settlement

---

3 *Lewis I* Pls.' Mot. (Dkt 32-1) at 13; *Lewis II* Pls.' Opp'n (Dkt 38) at 18 (conceding that "both cases involve the denial of outdoor recreational time during the same time period" and "a determination [of whether] such denial violated federal law"); Defs.' Resp. at 7, *Lewis I* (Dkt 126) (agreeing that *Lewis I* and *Lewis II* Plaintiffs both "raise claims regarding an alleged deprivation of recreation at EMTC during overlapping periods of time that share common questions of fact and law.").

4 *See* Order, *Lewis I* (Dkt 137).

5 *See Lewis I* Pls.' Mot., Ex. 5 (Dkt 32-5).

6 Joint Oct. 29, 2025 Letter (Dkt 45).

negotiations in *Lewis I* before completing such briefing.[7] Any delay thus has been attributable to the parties and would not be due to nor exacerbated by the proposed intervention.

Finally, the interest of *Lewis I* Plaintiffs in this action is clear from the overlap between the claims they and *Lewis II* Plaintiffs here assert. The adequacy of such claims and of representation of the putative classes are different matters and will be addressed in due course.

## *Conclusion*

For the foregoing reasons, *Lewis I* Plaintiffs' motion to intervene (Dkt 32) is granted to the extent that *Lewis I* Plaintiffs may participate in the ongoing class certification briefing and any potential summary judgment briefing. The Court at this time declines to order consolidation of the *Lewis I* and *Lewis II* Plaintiffs' claims and to stay any claims asserted in this action. Any responses or oppositions to *Lewis II* Plaintiffs' pending motion for class certification shall be filed no later than September 1, 2026, and *Lewis II* Plaintiffs' reply, if any, shall be filed no later than September 16, 2026. The parties are directed by August 17, 2026, to provide a joint status update regarding settlement negotiations and whether any aspect of this action has become moot. The Clerk of the Court shall terminate Dkts 40 and 65 as moot.

SO ORDERED.

Dated: August 1, 2026

Lewis A. Kaplan /
United States District Judge

---

[7] *See Lewis II* Pls.' July 24, 2026 Letter (Dkt 64); Defs.' July 24, 2026 Letter (Dkt 67).