MEMO ENDORSED

# Law Office of Caner Demirayak, Esq., P.C.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/16/2026

September 14, 2026

Hon. Lewis A Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: **Jeffrey Lewis, et al v The City of New York, et al**
Case Number: 24-cv-8428-LAK

Your Honor:

I write on behalf of the named plaintiffs to respectfully request (1) an order compelling intervenors to provide required expert disclosures and discovery or alternatively preclude consideration of or strike the expert affirmation of Roy D. Simon, (2) extending the named plaintiff's time to file their replies to the defendants and intervenors opposition to class certification and (3) extending the named plaintiff's time to file a narrowly limited motion for partial summary judgment. Good cause exists as the intervenors relied upon an undisclosed and materially deficient expert affirmation in their class certification opposition and have refused to provide basic expert discovery information necessary to permit named plaintiffs to test the expert's opinion. Additionally, the parties are preparing for a further court ordered mediation session in *Raymond Lewis et al v The City of New York et al* on October 29, 2026.

Defendants do not consent at this time to requests (2) and (3) above as described in this letter. Defendants note that during the afternoon of Wednesday, September 9, 2026, the named Plaintiffs requested Defendants and the intervenor Plaintiffs' consent to the request for an extension of time for named plaintiffs to file their reply. Defendants consented to that request shortly thereafter. However, it was not until at or about 11:20 p.m. on Friday, September 11, 2026 that the named Plaintiffs raised their request to proceed to filing a motion for summary judgment under Rule 56(a). For the reasons that will be set forth more fully in Defendants' forthcoming letter, Defendants submit that the named Plaintiffs' section III. below inaccurately describes Defendants' litigation position, and that it is also inconsistent with the named Plaintiffs' justification in section II. for additional time to submit a Reply for their class certification motion insofar as that extension request is tethered to the parties' mediation efforts.

Intervenors initially consented to a one week extension to September 23, 2026 but withdrew such consent on September 10, 2026 after the meet and confer session because the scheduled deposition of September 15, 2026 was canceled due to the lack of adequate expert witness disclosures. Intervenors were shown a copy of this letter and do not consent to the requests made herein. Intervenors advised they will file a separate letter.

1500 Astor Avenue, 2nd Floor, Bronx, New York 10469
Tel: 718-344-6048 | Fax: 646-679-2527
cd@canerlaw.com
Office Visits by Appointment Only

# Law Office of Caner Demirayak, Esq., P.C.

## I. Expert Witness Dispute

Intervenors never served a Rule 26(a)(2)(B) expert report despite appearing in this case in September 2025, nearly 60 days prior to the close of the expert discovery deadline here of November 19, 2025. Intervenors did not request an extension of the expert discovery deadline, nor did they seek leave of court to rely upon untimely expert evidence. Named plaintiffs immediately served expediated interrogatories, document requests and noticed the expert's deposition to try to obtain the mandatory disclosures and permit the named plaintiffs an ability to engage in expert discovery prior to the deadline for their reply brief. Intervenors responses consist nearly entirely of objections and not a single document was provided, nor was a Rule 26 compliant report provided.

The parties conferred twice in good faith, most recently on September 10, 2026 and the parties were unable to resolve the issues. As such the named plaintiffs now move to compel the required non privileged expert disclosures and discovery or to alternatively preclude consideration or to strike the expert materials under Rule 37(c)(1). The intervenors have not shown their failure to timely or previously disclose Professor Roy Simon was substantially justified or harmless. This applies to relying upon an expert witness on a motion. Rule 37(a)(4) also treats evasive or incomplete responses as a total failure to respond to discovery demands.

Intervenors did not reply upon any expert materials in their intervention motion and expert discovery was open for nearly 60 days after the motion was filed. No motion to extend expert discovery or reopen it was filed. Notably the intervenors raised substantially the same arguments in moving for intervention and also opposing class certification with the addition of the expert affirmation in opposing class certification. Intervenors were even furnished a copy of the proposed joint pretrial order near the end of October 2025 but they did not then identify an expert disclosure issue, raise an ethical conflict nor seek relief concerning it.

The untimely disclosure is harmful to named plaintiffs. Named plaintiffs must now test the expert's opinions and consider whether rebuttal proof is necessary. Such work cannot fairly be completed before the existing September 16, 2026 reply deadline. Thus, the court should either compel disclosures and extend named plaintiff's time to file their reply to 2 weeks after compliance by intervenors or to preclude/strike the expert affirmation and not consider it to avoid prejudice to the named plaintiffs. This would be consistent with how this Circuit has interpreted and enforced Rule 37. *See Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961-63 (2d Cir. 1997); *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). Bad faith is not required to be shown for preclusion of an untimely disclosed expert. *Design Stategy, Inc. v. Davis*, 469 F.3d 284, 296-98 (2d Cir. 2006). For example in *Colon v. N.Y.C. Housing Authority*, No. 16-cv-4530 (VSB) (S.D.N.Y. Feb. 16, 2024), the court precluded a late expert where reopening expert discover would unfairly force the opposing party to alter its preparation and strategy and where a continuance would not eliminate prejudice.

1500 Astor Avenue, 2nd Floor, Bronx, New York 10469
Tel: 718-344-6048 | Fax: 646-679-2527
cd@canerlaw.com
Office Visits by Appointment Only

# Law Office of Caner Demirayak, Esq., P.C.

**II. Mediation Efforts Continue**

Subsequent to the intervenors' ethics attack, Magistrate Judge Jennifer Willis ordered the parties to propose another date for mediation by September 9, 2026. The parties jointly proposed the mediation be conducted on October 16, 23 or 29, 2026. On September 11, 2026 Judge Willis ordered the mediation be held on October 29, 2026. As such, the named plaintiffs respectfully request an extension of time to file their reply on class certification to two weeks after the next mediation session (November 12, 2026).

**III. Named Plaintiffs Should be Granted Leave to File a Limited Partial Motion for Summary Judgment Based on the Defendants' Recent Concessions on Liability**

Named plaintiffs respectfully request leave and an extension of time to file a narrowly limited motion for partial summary judgment under Rule 56(a), addressed solely to liability on the named plaintiffs' outdoor exercise claims for periods of 120 days or more for sentenced inmates. Defendants have now characterized claims concerning deprivation of outdoor exercise exceeding 28 days as presenting a close constitutional question and did not advance any merits argument disputing liability on the named plaintiffs' claims involving deprivations of 120 days or more.

Since the parties' proposed joint pre-trial order submitted in October 2025 identifies the sole trial issue (among others) as involving sentenced inmates' deprivations of outdoor exercise of 120 days or more along with the other prison conditions, a focused Rule 56 motion, in light of the defendants' September 1, 2026 concessions would permit the court to determine whether liability may be adjudicated without a jury trial on this limited category.

Additionally, this category of the putative classes/subclasses is not subject to the intervenors' ethics attack (nor their claims of intervention at all) and resolution of liability could foster progress of the ultimate resolution of this matter. The contemplated motion would not seek classwide damages, an adjudication of individualized damages, nor resolution of any claim involving a shorter period of alleged deprivation. It would only address whether the record establishes the City's liability as a matter of law on the discrete 120 days or more claims of named plaintiffs.

It appears that Defendants do not contest the constitutional viability of the 120-day group on the ground that the deprivation is too brief. Nor do Defendants challenge *Monell* causation as to claims arising from deprivations of 28 days or more; their *Monell* challenge is limited to the under-28-day group. The 120-day claims are thus well outside the category Defendants now contest. This new and material narrowing of the dispute establishes good cause for a limited extension under Fed. R. Civ. P. 16(b)(4). Plaintiffs thus seek leave to file a narrowly focused summary-judgment motion addressed to the 120-day-or-more group, based solely on the existing record and Defendants' September 1 position. Plaintiffs acted promptly after that filing; the proposed motion requires no additional discovery and will efficiently resolve or substantially narrow issues otherwise remaining for class proceedings and trial. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000); *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243–44 (2d Cir. 2007).

# Law Office of Caner Demirayak, Esq., P.C.

It also appears that Intervenors do not contest the 120-day group, and they have raised no ethical objection concerning the 120-day sentenced-persons-in-custody group. Indeed, Intervenors do not have a sentenced named plaintiff. Accordingly, no claimed intra-class conflict or counsel-related ethical issue presents an obstacle to Plaintiffs' proposed motion on behalf of the 120-day sentenced group. The motion will permit the Court to address the claims of the persons who suffered the prolonged deprivation recognized in *McCray v. Lee*, 963 F.3d 110, 117–21 (2d Cir. 2020), without prejudice to any remaining issues concerning individual damages.

Alternatively, the court is permitted under Rule 56(g)[1] to identify that whether the defendants are liable for deprivations of 120 days or more is not genuinely in dispute and treat the fact/issue as established in this case. This request is timely made after the defendants articulated their position that there is no merits defense to the claims of sentenced inmates deprived of outdoor exercise for 120 days or more in their opposition to class certification filed on September 1, 2026.

Thus, named plaintiffs respectfully request this court (1) compel intervenors to provide the required expert disclosures sufficient to permit a productive expert deposition or alternatively preclude or strike the expert opinion when determining the class certification motion (2) extend the named plaintiffs' time to submit their replies to the opposition to the class certification motion to two weeks after the scheduled mediation to November 12, 2026 and (3) grant named plaintiffs leave to file a limited motion for partial summary judgment by November 12, 2026.

Thank you for your time and attention to this matter.

Respectfully submitted,

Caner Demirayak

Caner Demirayak, Esq.

CC: Lord Law Group via ECF

Defense Counsel via ECF

Intervenors Counsel via ECF

[1] Named plaintiffs argued in their own opposition to defendants motion for summary judgment with reference to intervenors request for the court to determine municipal liability as established under Rule 56(g) that such a determination would hurt or diminish the plaintiffs' trial proof of liability and potentially reduce a jury's determination of damages as evidence going to the required mental state and conduct of the defendants would need not be admitted as the issue would have been resolved. Such proof is crucial for claims challenging fewer days of deprivation. Here, however the defendants have now as of September 1, 2026 represented on paper they are not challenging municipal liability for claims above 28 days – rendering it a concession as to municipal liability for claims of 120 days and above. As such, unlike in *Lewis I*, a determination that the defendants are liable for deprivations of 120 days or more would strengthen the plaintiffs' claims for damages in *Lewis II*.

1500 Astor Avenue, 2nd Floor, Bronx, New York 10469
Tel: 718-344-6048 | Fax: 646-679-2527
cd@canerlaw.com
Office Visits by Appointment Only

Memorandum Endorsement — Lewis v. City of New York, No. 24-cv-8428 (LAK)

Plaintiffs' motion to compel expert discovery or, alternatively, to preclude or strike the expert affirmation of intervenors' expert witness is denied. Additional discovery at this point would not be proportional to the needs of the case, and the timing of intervenors' disclosure was substantially justified and in any event was harmless.

Plaintiffs' request for an extension to file their replies in support of their motion for class certification is granted insofar as they shall file such replies, if any, no later than September 23, 2026. No further extensions will be granted.

Plaintiffs' request for leave to file a motion for partial summary judgment is denied without prejudice. The Court will consider whether to set a schedule for summary judgment briefing after it adjudicates the pending class certification motion and perhaps after the October 29, 2026 mediation session currently scheduled in *Lewis v. City of New York*, No. 23-cv-9460 (DLC) (S.D.N.Y. Oct. 27, 2023).

SO ORDERED.

Dated: September 16, 2026

Lewis A. Kaplan
United States District Judge